UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD THOMAS,

    Plaintiff,

v.   Case No. _____

CORELOGIC RENTAL
PROPERTY SOLUTIONS, LLC,

    Defendant.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Richard Thomas, and for his Complaint against Defendant CoreLogic Rental Property Solutions, LLC alleges as follows:

**Introduction**

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. The FCRA imposes requirements on entities such as Defendant CoreLogic in that they have in place procedures designed to assure the maximum possible accuracy of the information they report. 15 U.S.C. § 1681e(b).

**Jurisdiction, Venue, and Parties**

3. This Court has original jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

4. Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Florida, this suit arises out of Defendant's specific conduct with Plaintiff in Florida, and Plaintiff was injured in Florida.

1

5. Venue is appropriate in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred in Hillsborough County, Florida.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

7. Defendant CoreLogic Rental Property Solutions, LLC ("CoreLogic") is a foreign corporation. CoreLogic regularly conducts business in Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301-2525.

8. CoreLogic is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

## Factual Allegations

9. CoreLogic is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. It sells consumer reports generated from its database and furnishes those consumer reports to landlords who use the reports to make decisions regarding whether to rent to certain consumers.

10. In or around May 2020, Plaintiff applied to a rent an apartment at the Goldelm at West Winds apartment complex ("Goldelm").

11. On May 11, 2020, Goldelm obtained a consumer report from CoreLogic regarding Plaintiff.

12. The consumer report that CoreLogic prepared and sold to Goldelm contained inaccurate and false information regarding Plaintiff.

13. Specifically, the consumer report that CoreLogic prepared and sold to Goldelm indicated that Plaintiff was a registered sex offender and had committed the offense of "sexual abuse of children" in Pennsylvania in September 2015. That information is inaccurate.

14. Plaintiff is not a registered sex offender.

15. Plaintiff has never lived in Pennsylvania.

16. Plaintiff's only record of any kind is a simple traffic infraction. Plaintiff promptly paid the associated civil fine.

17. In fact, the conviction CoreLogic reported belonged to an entirely different individual, Richard George Thomas, III. Plaintiff's name is Richard Phillip Thomas.

18. Goldelm relied on the consumer report prepared by CoreLogic in denying Plaintiff's application to rent an apartment.

19. CoreLogic's flagrant mistakes caused Plaintiff to suffer from stress, worry, embarrassment, humiliation, and fear. Plaintiff is employed by Universal Orlando Resorts. If CoreLogic were to falsely report to his employer that he was a registered sex offender, his employment could be terminated.

20. CoreLogic's flagrant mistakes caused Plaintiff to waste several hours of his personal time, including but not limited to researching his options and retaining a lawyer.

21. Plaintiff's current residence is 67 miles from his place of employment. The apartment he sought to lease from Goldelm was only 2 miles from his place of employment. As a result of CoreLogic's conduct, Plaintiff was unable to relocate closer to his place of employment.

22. CoreLogic's flagrant mistakes have caused harm to Plaintiff's reputation.

23. As a result of the actions and or inactions of CoreLogic, Plaintiff will spend several months living in a less-desirable apartment.

## COUNT I
### Violations of the FCRA § 1681e(b) by CoreLogic

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 above as if fully set out herein.

25. The FCRA requires that CoreLogic must follow procedures which assure that the reports it sells meet the standard of "maximum possible accuracy." 15 U.S.C. § 1681e(b).

26. If CoreLogic had reasonable procedures to ensure maximum possible accuracy, it would have determined that the sexual offense it reported did not belong to Plaintiff.

27. Plaintiff was able to find the source of CoreLogic's error in mere minutes on the Pennsylvania State Police website. The actual convict does not even have the same middle name and has the suffix "III". CoreLogic should have never made the error in the first instance.

28. CoreLogic did not consult the readily available online court records before accusing Plaintiff of being convicted of a serious sexual offense against children. If it had, it would have avoided its error.

29. CoreLogic appears to have erroneously matched Plaintiff with this conviction record based on insufficient data. CoreLogic's report makes clear that it did not have the convicted Richard Thomas' middle name, suffix or complete date of birth.

30. If CoreLogic had obtained any of those data fields, it would have discovered that Plaintiff was not a match.

31. If CoreLogic had even carefully considered the name, it would have discovered that Plaintiff was not a match: Plaintiff is Richard Phillip Thomas, and the convicted Richard Thomas is Richard George Thomas, III.

32. CoreLogic violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer

reports it furnished regarding Plaintiff. Specifically, CoreLogic misidentified Plaintiff as a convicted sex offender without attempting to identify other data points, or consulting easily accessible online information.

33.     The foregoing violations were negligent or willful. CoreLogic acted in knowing or reckless disregard of its obligations and Plaintiff's rights under 15 U.S.C. § 1681e(b).

34.     As a result of CoreLogic's conduct, Plaintiff suffered actual damages including but not limited to: denial of rental opportunities, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

35.     Plaintiff is entitled to recover actual damages and statutory damages, punitive damages, costs and attorneys' fees from CoreLogic in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, CoreLogic Rental Property Solutions, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

Respectfully submitted,

*s/ Joshua R. Kersey*
**Joshua R. Kersey**
Florida Bar No. 087578
MORGAN & MORGAN, PA
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile:  (813) 222-2490
JKersey@ForThePeople.com
AWynne@ForThePeople.com
CHenagan@ForThePeople.com
*Attorney for Plaintiff*